IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael F. Schulze; and Gerardo Gonzalez, | C/A No.: 6:11-941-JFA-KFM |
| Plaintiffs, | |
| v. | ORDER |
| Dwight C. Ratley; Shannon D. Davis; Gerald M. Del Re; James A. Edwards; Pamela D. Major; Raymond A. Simmons; Darlene Drew; Unknown Officers; Federal Bureau of Prisons; J. Comstock; and NFN Anderson, | |
| Defendants. | |

The *pro se* plaintiffs, Michael F. Schulze and Gerardo Gonzalez, bring this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. A *Bivens* claim is analogous to a claim under § 1983. *Harlow v. Fitzgerald*, 457 U.S. 812–20 (1982).

Plaintiff Schulze is an inmate currently housed at the Federal Correctional Institute (FCI) in Estill South Carolina.[1] Plaintiff Gonzalez is currently incarcerated at the FCI in Bennettsville, South Carolina, where the acts complained of herein allegedly took place.

---

[1] The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

1

The plaintiffs raise various claims under the Alien Tort Claims Act, allegations of discrimination and retaliation, Eighth Amendment claims of failure to protect, violations of conditions of confinement, including deprivation of nutritious food, exposure to second-hand smoke, excessive force, and violations of due process in disciplinary hearings.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation and opines that the court should grant defendants' motion to dismiss or for summary judgment. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on August 8, 2012. The plaintiffs request an extension of time to file objections. Alternatively, the plaintiffs seek to resubmit their previously filed motion for authorization to conduct discovery.

On April 10, 2012, the Magistrate Judge denied plaintiffs' motion for discovery to seek personal information regarding the whereabouts of possible witnesses that might corroborate plaintiffs' alleged version of the events detailed in the amended complaint. The Magistrate Judge agreed with the defendants that allowing discovery would unnecessarily subject them to burdens of litigation in a case that should be dismissed as a

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

matter of law. Citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the defendants argued that discovery should not be required until after a ruling on qualified immunity because "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." This court agrees, and for this reason, it will not disturb the Magistrate Judge's earlier ruling denying discovery.

The plaintiffs have had ample to time to file objections to the Report and Recommendation. The Report was filed and mailed on August 8, 2012, allowing the plaintiffs 14 days, plus 3 days mailing time, to file specific objections to the Report. Instead, the plaintiffs seek an extension within which to file objections, but they do not set forth sufficient cause for the need for an extension. Rather, the plaintiffs spent seven pages arguing a renewed motion to compel discovery that the Magistrate Judge had already denied. Without good cause shown, this court is not required to automatically grant an extension of time to file objections to the Report and Recommendation. The parties fully presented the issues (including the filing of an amended complaint) to the Magistrate Judge, and all parties had adequate time to respond to the defendants' motion for summary judgment. Under these circumstances, this court denies plaintiffs' motion for an extension of time (ECF No. 86) to file objections to the Report.

*Exhaustion of Administrative Remedies*

As an initial matter, the defendants contend that plaintiff Gonzalez has not pursued and exhausted his administrative remedies as is mandated by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified at 42 U.S.C. § 1997e(a)

(1996); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Anderson v. XYZ Corr. Health Svcs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005). This court agrees, and therefore all claims by plaintiff Gonzalez are dismissed without prejudice.

As it appears that plaintiff Schulze has exhausted his remedies, his claims are properly before the court.

*Plaintiff Schulze's Amended Complaint*

Plaintiff Schulze filed a motion to amend or correct his complaint (ECF No. 60) requesting dismissal of defendants Anderson and Comstock from the complaint. The Magistrate Judge recommends that the motion be granted, and this court agrees. Accordingly, defendants Anderson and Comstock are dismissed from this action. The remaining defendants include Ratley, Davis, Del Re, Edwards, Major, Simmons, Drew, and the Federal Bureau of Prisons (BOP).

The defendants have filed a motion for summary judgment.[3] Plaintiff Schulze has responded to the motion and the defendants have replied thereto. Thus, this matter appears ripe for resolution.

*Background*

Briefly, while plaintiff Schulze was incarcerated at the FCI in Bennettsville, South Carolina, an inmate uprising occurred on the afternoon of July 12, 2008. Plaintiff Schulze alleges that he was on the yard when other inmates forced him and Gonzalez with threats to remain there for the 3:30 p.m. uprising, and that he and other "innocent

---

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff Schulze responded to the motion.

4

inmates" were unfairly rounded up with those responsible for the disturbance. Plaintiff Schulze alleges that the prison staff received advance notice of the inmate uprising and could have taken preventative action. The defendants allowed the inmates in the yard to return to their cells, but approximately 136 inmates, including plaintiff Schulze, ran to another area of the yard, refusing to leave. The yard was then locked down until later that evening when prison authorities entered the yard and escorted the inmates to the Special Housing Unit (SHU) without further incident. Plaintiff Schulze raises an Eighth Amendment violation, contending that defendants Del Re and Edwards took no action to protect him from being swept into the uprising, thus exposing him to a substantial risk of harm. Plaintiff Schulze also alleges that defendants denied him nutritious food and hygiene while he was housed at the SHU.

A disciplinary hearing was held and plaintiff Schulze was found to be in violation of Engaging in Encouraging a Group Demonstration. He was sanctioned with a loss of good time credits and privileges and placed in segregated housing for approximately five months. Plaintiff Schulze alleges that defendant Comstock made procedural and due process errors at the disciplinary hearing. However, defendant Comstock, at plaintiff Schulze's request, has been dismissed from this action. Thus, any claims against defendant Comstock are moot.

Plaintiff Schulze also contends that delays in the BOP's administrative appellate process barred his case from judicial review under 28 U.S.C. § 2241, and as a result, his due process rights were violated.

When plaintiff Schulze was released from SHU, he and other inmates were transported to other federal correctional institutions in South Carolina. Plaintiff Schulze alleges that he was exposed to cruel and painful conditions and excessive force during the transfer, in that his restraints were too tight, he was denied access to a toilet, and he was exposed to second-hand cigarette smoke. Plaintiff Schulze also contends that the defendants' actions were the result of discrimination and retaliation.

*Summary Judgment Standard*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party

may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

*Sovereign Immunity*

The Magistrate Judge correctly notes that *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Thus, plaintiff Schulze's claims against the defendants in their *official* capacities are dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In addition, defendant BOP is an agency of the United States. The doctrine of sovereign immunity shields the United States from suit, and it has not consented to suit in this action. Thus, a *Bivens* claim does not grant this court subject matter jurisdiction over defendant BOP, and the claims against BOP are likewise dismissed.

*Respondeat Superior*

As the Magistrate Judge correctly points out in his Report, the doctrine of respondeat superior does not apply to *Bivens* actions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff Schulze does not provide any evidence that defendant Drew was personally involved in any action that allegedly violated his constitutional rights. Accordingly, defendant Drew is dismissed from this action.

*Alien Tort Claims Act*

Plaintiff Schulze, who is a citizen of Canada, contends that this court has jurisdiction under 28 U.S.C. § 1350, the Alien Tort Claims Act (ATCA). The Magistrate

7

Judge properly concludes that the ATCA does not create a statutory cause of action, but rather confers jurisdiction to district courts to hearing suits for violations of substantive international law. Here, this court agrees with the Magistrate Judge that plaintiff Schulze has failed to make any allegations whatsoever as to a law of nations or treaty of the United States which would pertain to his claims. Therefore, this court lacks subject matter jurisdiction to proceed under the ATCA.

*Discrimination and Retaliation*

Plaintiff Schulze alleges that the defendants' actions were motivated by discrimination and in retaliation for his involvement in the recreation yard uprising. The Magistrate Judge correctly states that plaintiff Schulze has failed to state a viable claim of discrimination or retaliation and that his bare, conclusory allegations are insufficient to maintain a constitutional action for retaliation. This court agrees that plaintiff Schulze's claims under the Equal Protection Clause are without merit.

*Failure to Protect*

Plaintiff Schulze asserts that defendants Del Re and Edwards failed to protect him from being implicated in the recreation yard uprising and exposed him to a substantial risk of harm in violation of the Eighth Amendment. To establish a failure to protect claim, a prisoner must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994). Here, plaintiff Schulze has failed to show that he suffered a serious physical or emotional injury during the uprising or afterwards. The defendant officers took action to prevent or minimize the uprising by

8

cancelling the movement of those prisoners they believed were behind the planned uprising. The officers also allowed inmates already on the yard to leave, but plaintiff Schulze did not do so. Indeed, despite his prior knowledge of the uprising, plaintiff Schulze failed to report it to prison authorities or leave the yard. The uprising ultimately ended peacefully. This court agrees with the Magistrate Judge that plaintiff Schulze has failed to set forth allegations sufficient to maintain a constitutional violation under his Eighth Amendment failure to protect claim.

*Conditions of Confinement*

While he was housed at the SHU after being found in violation of engaging in encouraging a group demonstration, plaintiff Schulze claims that he was denied adequate food and hygiene. The defendants contend that the meals provided to inmates in the SHU at FCI Bennettsville are the same as those provided to the general population, are prepared from a national menu, and are pre-approved by a dietician for proper nutrition. Plaintiff Schulze has provided no evidence that he sought medical treatment for starvation or malnutrition or any other health problem associated with these claims. Moreover, the defendants named in the amended complaint who allegedly violated plaintiff Schulze's rights (i.e., Drew, Simmons, Major, and Anderson) had no involvement in the planning, preparation or provision of meals to plaintiff Schulze. This court agrees with the Magistrate Judge that this claim is lacking in evidentiary support and should be dismissed.

Plaintiff Schulze also claims that while he was being transported to another institution, the defendants denied him access to a restroom and exposed him to

secondhand smoke. The Magistrate Judge suggests that plaintiff Schulze has presented no evidence of harm other than his unsubstantiated claims of temporary discomfort, despite being provided with a handheld urinal during the transport. As such, this claim does not rise to the level of an Eighth Amendment violation.

Likewise, plaintiff Schulze's claim that he was exposed to second-hand smoke is conclusory at best. Plaintiff Schulze has made no objective showing regarding the levels of smoke he was temporarily exposed to, nor has he presented proof that he suffered, or will suffer, injury to his future health. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). The undersigned agrees with the Magistrate Judge that this claim must fail.

*Excessive Force*

Plaintiff Schulze also contends that while he was being transported in a van to FCI Estill that his restraints were too tight in violation of the Eighth Amendment's prohibition against unnecessary and wanton infliction of pain. The Magistrate Judge suggests that the force was applied in a good faith effort to maintain discipline during the inmate transfer, especially in light of plaintiff Schulze's involvement in the prison yard uprising. Moreover, plaintiff Schulze has not presented any evidence that he suffered any serious physical harm, other than tender wrists, as a result of the restraints. This claim is without merit.

*Due Process*

Plaintiff Schulze alleges that in challenging his disciplinary hearing at the BOP, his administrative appellate documents were mishandled or improperly delayed by the BOP such that he was procedurally barred from federal court in seeking to have his good

time credit restored. The claims of procedural and due process errors against defendant Comstock are moot as plaintiff Schulze voluntarily dismissed him in his amended complaint.

With regard to plaintiff Schulze's assertion that his case is barred from judicial review in an action under 28 U.S.C. § 2241, this court agrees with the Magistrate Judge that plaintiff Schulze has presented nothing to support that he even attempted to obtain judicial review under § 2241. Hence, plaintiff Schulze's due process claim is without merit.

*Qualified Immunity*

Federal government officials are entitled to qualified immunity from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Supreme Court in *Harlow* established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir.1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

However, the Supreme Court subsequently ruled that courts are no longer rigidly bound to follow the two-step inquiry for qualified immunity that had been required by *Saucier*. *Pearson v. Callahan*, 555 U.S. 223 (2009). As the Court noted, "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 819.

The *Pearson* Court clarified that courts may still apply the two-step inquiry from *Saucier* when that "order of decision-making will best facilitate the fair and efficient disposition of [the] case." *Id*. at 821.

As discussed above, the plaintiff has failed to present sufficient evidence to support his allegations of constitutional violations.

While the Magistrate Judge did not make a specific qualified immunity determination in his Report, it is clear that plaintiff Schulze's allegations of constitutional violations, taken in the light most favorable to him, are without merit. Therefore, any further inquiry is unnecessary.

*Conclusion*

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference. Accordingly, the defendants' motion for summary judgment is granted, and this action is dismissed with prejudice.

IT IS SO ORDERED.

September 11, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge